ABRAM C. STRONG, APPELLANT, v. HATTIE S. POTTS ET AL., APPELLEES.

FILED DECEMBER 24, 1913. No. 17,525.

Wills: PROBATE OF COPY. The right to prosecute this action depends upon the result of the application to probate the alleged will in In re Estate of Francis, ante, p. 742.

APPEAL from the district court for Hayes county: ROBERT C. ORR, JUDGE. Reversed.

John Everson, for appellant.

*Lambe & Butler, contra.*

BARNES, J.

This is an appeal from a judgment of the district court for Hayes county dismissing plaintiff's action for the partition of the northeast quarter of section 27, township 7, range 35 west, situated in said county.

It appears that Abram C. Strong filed his petition in said cause alleging that he is a brother of Anna Francis, *nee* Strong, who died intestate in the state of Colorado, seized of the land above described; that she left no children surviving her, but left the following named heirs: Hattie S. Potts, George Strong, Sarah F. West, Alida Bull, Jennie Doyle, Walter Calkins, Mabel Hall, Mary Clemons, and the plaintiff; that plaintiff inherited an undivided one-eighth interest in said land, and is the owner by purchase of the interest of certain others of the heirs. The petition also sets forth the proceedings to probate a copy of an alleged will of the deceased had in the county court of Hayes county, and alleged that said proceedings were void, and prayed for a decree partitioning said real estate between said heirs. To this petition the defendant Hattie S. Potts filed an answer and cross-petition admitting that Anna Francis was Anna Strong; that said Anna Strong died as in said petition alleged, and that the names of her heirs are therein correctly set forth. In her cross-petition it was alleged that on or about the 23d day of May, 1907, and after the death of said Anna Strong, whose name at the time of her death was Anna Francis, a petition was filed in the office of the county judge of Hayes county, Nebraska, to probate a copy of her alleged will, and thereafter a notice was duly published in form required by law, and a date was fixed by said court for a hearing upon said petition; that thereafter such proceedings were had that the copy of said will was admitted to probate, and that by said will the land in question was devised to her; and concluded with a prayer to quiet her title thereto.

A trial of the case was had to the court in all respects as though a reply had been filed to the answer and cross-petition, but by mistake or inadvertence no such reply was filed until the testimony was all taken. It was then discovered that the plaintiff had neglected to file his reply, and an application was made to the court for leave to file the same, which was denied, and the court rendered a judgment dismissing plaintiff's suit.

It appears that since the case was brought to this court by appeal plaintiff departed this life, and the action has been revived in the name of Clara Strong, as executrix of his estate.

It is first contended that the district court erred in refusing to permit the plaintiff to file his reply. It appears that the cause was tried in all respects as though a reply was on file during the entire time of the trial. The reply contains no allegations of new matter, and no reason has been suggested why the court refused to allow the same to be filed. As we view the record, it was error for the court to refuse the plaintiff leave to file his reply.

Again, it is contended that the judgment in this case should be reversed because the defendant pleaded and relied upon the probate of a copy of an alleged will made by Anna Francis, nee Strong, by which the land in question was devised to the defendant, Hattie S. Potts. On that question it is sufficient to say that in *In re Estate of Francis, ante,* p. 742, it was held that the county court erred in admitting the alleged copy of the will to probate, and that cause was reversed and remanded for further proceedings.

It follows, therefore, that the district court erred in dismissing the plaintiff's action, and the judgment of that court is reversed and the cause is remanded for further proceedings dependent upon the result of the petition to probate the alleged will described in *In re Estate of Francis, ante,* p. 742.

REVERSED.

LETTON, FAWCETT and HAMER, JJ., not sitting.